IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41088
Summary Calendar
_____


HERALIO FLORES; MARCO ANTONIO FLORES,

                                        Plaintiffs-Appellants,

versus

CITIZENS STATE BANK OF ROMA, TEXAS, ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-95-CV-062
- - - - - - - - - - -
December 5, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Heralio Flores and Marco Antonio Flores filed a civil rights
and Racketeer Influenced and Corrupt Organizations Act (RICO)
complaint against the Citizens State Bank of Roma, Texas, various
officers of the bank, two constables, and several unknown
assistants.  The gist of the factual allegations are that a
constable and his assistants broke into the Flores' place of
business, a dance hall, and removed various items pursuant to a
state court judicial foreclosure.  The district court granted

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

summary judgment in favor of the defendants.  The judgment of the district court may be affirmed on any basis supported by the record.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

The Flores' suit, stripped to its essentials, is an attempt to attack collaterally the validity of the state court judicial foreclosure and writ of execution.  See Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare, 995 F.2d 595, 597, 599 (5th Cir. 1993).  Federal courts lack jurisdiction to engage in appellate review of state-court determinations.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 & 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  Termed the "Rooker-Feldman doctrine," these decisions have been interpreted by this court to prohibit a collateral attack on state judgments.  See, e.g., United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994).  When issues raised in federal court are "`inextricably intertwined' with a state judgment and the court is `in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."  Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995)(internal quotations and citations omitted).

The alleged deprivations of constitutional rights and RICO claims arise solely from the state-court litigation and is "inextricably intertwined" with the state court's judgment.  The sole purpose of this action is to review the state court's

foreclosure and seizure of property pursuant to the related writ of execution and, therefore, cannot be reviewed in federal court.

Plaintiffs argue that they may collaterally attack this judgment because it is void.  Plaintiffs based their claim on a lack of jurisdiction.  "Assuming for purposes of the summary judgment motion that these allegations were true, they would, at most, render the judgment voidable, not void, and thus could not be the basis of a collateral attack in federal court."  Steph v. Scott, 840 F.2d 267, 270 (5th Cir. 1988).

AFFIRMED; MOTION DENIED